UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FARM CREDIT LEASING SERVICES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BRICE JON WEBER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Case No. 1:24-cv-01381-SLD-RLH |

ORDER

Before the Court is Plaintiff Farm Credit Leasing Services Corporation's ("Farm Credit Leasing") Motion for Default Judgment, ECF No. 8. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND[1]

Farm Credit Leasing leases equipment and other personal property to businesses and sole proprietors in the agriculture industry. On August 13, 2018, Defendant Brice Jon Weber entered into a commercial equipment lease agreement with Farm Credit Leasing for the purpose of leasing a used 2013 John Deere 8360R Tractor ("the Equipment"). *See* Lease, Compl. Ex. 1, ECF No. 1-1. Under the terms of the Lease, Weber agreed to make six annual payments of $18,201.40 each for a total term of 66 months. Weber failed to make the annual payment due on August 13, 2023, and subsequent amounts due, and defaulted.

On February 29, 2024, Farm Credit Leasing issued a Notice of Default and Demand for Payment ("Notice of Default") informing Weber that he had defaulted on the Lease and that if

---

[1] The facts related herein are taken from the Complaint, ECF No. 1, and the Court accepts the allegations relating to liability as true by virtue of Defendant Brice Jon Weber's default, *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

1

4

payment was not received, Farm Credit Leasing would enforce its legal rights and remedies. *See* Not. Default, Compl. Ex. 3, ECF No. 1-3. Weber did not respond to the Notice of Default or make payment arrangements. On March 27, 2024, Farm Credit Leasing issued a Notice of Acceleration, informing Weber that he had "failed to cure the default" and that "the entire balance of rental and other charges currently due, as well as those to become due for the remaining term of the Lease, [was] immediately due and payable." Not. Acceleration 1, Compl. Ex. 4, ECF No. 1-4.

On October 8, 2024, Farm Credit Leasing filed a Verified Complaint, ECF No. 1, against Weber for breach of contract, replevin, and detinue. Weber was duly served on October 24, 2024, *see* Aff. Serv., ECF No. 5, but failed to file an answer or other responsive pleading by the deadline of November 14, 2024, *see* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . ."). The Court granted Farm Credit Leasing's motion for entry of default, *see* Mot. Entry Default, ECF No. 6; Jan. 6, 2025 Text Order, and the Clerk entered Weber's default, Jan. 6, 2025 Entry Default. Farm Credit Leasing filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55 seeking damages, attorneys' fees, and costs, as well as a writ of replevin and an order of detinue. Mot. Default J. 8–9. At the Court's direction, *see* Aug. 1, 2025 Text Order, Farm Credit Leasing provided a supplemental brief to support its request for both a writ of replevin and an order of detinue, *see* Suppl. Br., ECF No. 9.

## DISCUSSION

**I.   Legal Standard**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each

2

cause of action alleged in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Upon a defendant's default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Even after default has been entered, thereby establishing the defendant's liability, "the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

If satisfied that the complaint states a claim for relief, the court should "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotation marks omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A hearing on damages should be held "unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

**II.  Analysis**

    **a.  Breach of Contract**

The Lease specifies that it "shall be interpreted, construed and enforced in accordance with the laws of the State of Minnesota." Lease ¶ 16. Under Minnesota law, a breach of contract claim requires proof of three elements: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (quotation marks omitted). Because the Clerk entered default against Weber, the Court accepts as true the factual allegations of the Complaint, except those relating to the amount of damages. *See Wehrs*, 688 F.3d at 892.

The allegations of the Complaint establish that Weber breached the Lease by failing to make the annual payment due on August 13, 2023, which put him in default under the express terms of the Lease. *See* Lease ¶ 12 ("The Lessee shall be in default hereunder upon the occurrence of one or more of the following events: (a) Lessee fails to pay when due any rent or other amount required to be paid by Lessee hereunder . . . ."). To date, Weber has retained possession of the Equipment and has not paid the balance owed to Farm Credit Leasing.

To support its damages request, Farm Credit Leasing provides a sworn declaration from Stefano Benvenuti, a Senior Special Assets Officer at Farm Credit Leasing, who is "responsible for the administration, supervision, and collection aspects of certain accounts, including [Weber's] account." Benvenuti Decl. ¶ 3, Mot. Default J. Ex. D, ECF No. 8-4 at 1–7. Farm Credit Leasing asserts that, pursuant to the plain terms of the Lease, it is owed money damages for past due rent, automatic renewal rent, miscellaneous charges such as late charges, and prejudgment interest.

> Under Paragraph 2 of the Lease, if the [Lessee] does not exercise the purchase option or return the Equipment, the Lease shall automatically renew, and Farm Credit Leasing shall be entitled to the Projected Renewal Rental Amount for the Renewal Lease Term. In the event that, at the expiration of the Renewal Lease Term, the Lessee has not returned or purchased the Equipment, Lessor shall be entitled to monthly hold-over rent in an amount equal to the Renewal Rental Amount (pro-rated to a monthly amount).

Benvenuti Decl. ¶ 19; *see also* Lease ¶ 2. Benvenuti's Declaration, which is undated, states that the total amount Farm Credit Leasing is owed for past due rent, renewal rent, holdover rent, miscellaneous charges, and prejudgment interest is $198,107.42. Benvenuti Decl. ¶¶ 20–21.

Farm Credit Leasing also asserts that it is entitled to attorneys' fees and costs under the terms of the Lease and provides sworn declarations and timesheets from its two attorneys to support its requests for $9,481.95 in attorneys' fees and costs. Mot. Default J. ¶¶ 10–13; *see also* Lease ¶ 13 ("If the Lessee is in default hereunder, Lessor shall have the right, in its sole

4

discretion, to exercise any one or more of the following remedies: . . . (d) recover from Lessee all of Lessor's costs and expenses (including legal expenses and attorneys' fees) in enforcing this Lease."); Babu Decl. ¶¶ 5–8, Mot. Default J. Ex. E, ECF No. 8-5 at 1–2 (attesting that Attorney Debra Devassy Babu's firm is owed $2,118.95, consisting of $525.95 in costs and $1,593.00 for 5.4 hours of work); Babu Timesheet, Babu Decl. Ex. 1, ECF No. 8-5 at 3; Babu Costs Sheet, Babu Decl. Ex. 2, ECF No. 8-5 at 4; Running Decl. ¶ 11, Mot. Default J. Ex. F, ECF No. 8-6 at 1–3 (attesting that Attorney Terri Running's firm is owed $7,363.00 in attorneys' fees and costs); Running Timesheet, Running Decl. Ex. 1, ECF No. 8-6 at 4–20.

The "documentary evidence" and "detailed affidavits," *e360 Insight*, 500 F.3d at 602 (quotation marks omitted), demonstrate that Farm Credit Leasing is entitled to damages for past due rent, automatic renewal rent, miscellaneous, prejudgment interest, and attorneys' fees and costs. Farm Credit Leasing is DIRECTED to provide an updated accounting with a final damages amount by September 24, 2025.

### b. Replevin

Farm Credit Leasing seeks both an order of replevin and an order of detinue requiring Weber to return the Equipment.

> Both detinue and replevin "give to the plaintiff his property in specie, or alternatively; if it can not be found, its value. But since by replevin it is taken from the defendant before the right is finally determined, a bond is properly required of the plaintiff for its return if that shall be awarded; while in detinue, his possession remaining undisturbed until after final judgement against him, no such bond is required."

*Relational Funding Corp. v. Siemens Info. & Commc'ns Networks, Inc.*, No. 00 C 0180, 2000 WL 1222126, at *3 (N.D. Ill. Aug. 23, 2000) (quoting *Robinson v. Peterson*, 40 Ill. App. 132, 134–35 (Ill. App. Ct. 1891)). "Detinue differs from replevin in that there is no preliminary determination as to whether the property at issue should be returned to the plaintiff pending final

5

judgment." *Peco Pallet, Inc. v. Nw. Pallet Supply Co.*, Nos. 1:15-cv-06811, 3:15-cv-50182, 2016 WL 5405107, at *7 (N.D. Ill. Sept. 28, 2016).

The Court noted that both an order of replevin and order of detinue would "order Defendant to turn over the at-issue property to Plaintiff" and stated that it was unclear why Farm Credit Leasing would need the preliminary order of replevin when it was simultaneously seeking an order of detinue "which would decide as a matter of law that Plaintiff has the superior possessory right" to the Equipment. Aug. 1, 2025 Text Order. In response to the Court's direction to file a supplemental brief on whether it was appropriate to issue both an order of replevin and an order of detinue, Farm Credit Leasing argues that it is entitled to both remedies because (1) the Lease states that its rights and remedies are cumulative, (2) the Uniform Commercial Code ("UCC") states that its remedies are cumulative, and (3) courts in the Northern District of Illinois routinely award orders of detinue and replevin simultaneously. Suppl. Br. 3–5.[2] It acknowledges that "the Court may award an order of replevin prior to final judgment," but states that it is "seek[ing] a final judgment order on all counts of the Complaint." *Id.* at 4.

---

[2] Farm Credit Leasing additionally argues that it is entitled to orders of both replevin and detinue because "replevin puts the onus on the Sheriff to obtain the collateral from the defendant, [whereas] detinue requires that the <u>defendant</u> surrender the collateral to [the] plaintiff." Suppl. Br. 4 (first citing 735 ILCS § 5/19-109 ("The order for replevin shall require the sheriff, or other officer to whom it is directed to take the property . . . from the possession of the defendant . . . ."); and then citing *Mineika v. Union Nat'l Bank of Chi.*, 332 N.E.2d 504, 509 (Ill. App. Ct. 1975)). But Farm Credit Leasing misstates the law. Both replevin and detinue put the onus on the defendant to surrender the collateral and if the defendant refuses, law enforcement is available to retrieve the collateral and return it to the plaintiff. The difference is that for replevin, demand and refusal must happen *before* filing suit, but for detinue, there is no pre-suit demand and refusal requirement. If a plaintiff has met all of the elements for a writ of replevin, that plaintiff has necessarily shown that the defendant will not surrender the property he is wrongfully detaining. *See Carroll v. Curry*, 912 N.E.2d 272, 276 (Ill. App. Ct. 2009) ("[W]e note that a replevin action generally cannot be maintained until the plaintiff has made a demand for the surrender of the property and the defendant has refused."). Farm Credit Leasing cites to no authority that indicates that law enforcement is only available to enforce a writ of replevin or that law enforcement is unavailable to enforce an order of detinue—and the Court finds none. *Cf. Gary Acceptance Corp. v. Napilillo*, 230 N.E.2d 73, 75 (Ill. App. Ct. 1967) (recounting that a bailiff was commanded to execute an order of detinue).

6

Farm Credit Leasing's supplemental brief does not satisfactorily address the Court's concerns. Notably, none of the cases it cites from the Northern District of Illinois addresses the question raised by the Court. That Farm Credit Leasing is seeking an order of detinue seems to obviate the need for the preliminary remedy of replevin. By granting Farm Credit Leasing's motion for default judgment in part and finding Weber liable for breaching the Lease and wrongfully retaining possession of the Equipment, the Court is determining as a matter of law that Farm Credit Leasing is entitled to recover the Equipment. The Court finds that a writ of replevin is unnecessary at this stage and therefore DENIES Farm Credit Leasing's request for a writ of replevin.

    **c. Detinue**

The essence of a detinue action is that the defendant is wrongfully in possession of personal property that belongs to the plaintiff. *L & LC Trucking Co. v. Jack Freeman Trucking Co.*, 343 N.E.2d 716, 717 (Ill. App. Ct. 1976). An order of detinue entitles the plaintiff "to return of the property or, if the property [can]not be restored, a judgment in the amount of the property's value." *Mineika v. Union Nat'l Bank of Chi.*, 332 N.E.2d 504, 509 (Ill. App. Ct. 1975). "To succeed on a detinue claim, a plaintiff must prove that it is entitled to possession of the detained property and that the defendant is wrongfully in possession of it." *PNC Equip. Fin., LLC v. Flash Limousine, Inc.*, No. 20 C 6773, 2021 WL 3142124, at *3 (N.D. Ill. July 25, 2021); *see also L & LC Trucking*, 343 N.E.2d at 717 ("A finding for plaintiff is proper in detinue where it is established that his right to possession is superior to that of defendant.").

Here, Farm Credit Leasing argues that it is entitled to an order of detinue "based on its first priority security interest in the Equipment and due to [Weber]'s default under the Lease and [Weber]'s wrongful detaining of the Equipment." Mot. Default J. ¶ 20; *see also* UCC Fin.

7

Statement, Compl. Ex. 2, ECF No. 1-2.  To support this argument, Benvenuti attests that the Equipment is in Weber's possession and Farm Credit Leasing's right to possession of the Equipment is superior to that of Weber because Weber defaulted on the Lease.  Benvenuti Decl. ¶¶ 28–32.

After reviewing the affidavit and documentary evidence, the Court finds that Farm Credit Leasing has demonstrated it is entitled to an order of detinue.  Weber is ORDERED to return the Equipment at a place and time directed by Farm Credit Leasing within fourteen days of service of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiff Farm Credit Leasing Services Corporation's Motion for Default Judgment, ECF No. 8, is GRANTED IN PART and DENIED IN PART.  Farm Credit Leasing is DIRECTED to provide an updated accounting with a final damages amount by September 24, 2025.  Defendant Brice Jon Weber is ORDERED to surrender the used 2013 John Deere 8360R Tractor: Row Crop (serial number: 1RW8360RKDD075278) Equipment at a place and time directed by Farm Credit Leasing within fourteen days of service of this Order.

Entered this 10th day of September, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE